# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

December 22, 2022

<u>*VIA ECF*</u>
The Honorable Roanne L. Mann, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re: *Oyenuga v. Presidential Security Services LLC et al*
       <u>**Case No.:**</u> <u>**1:22-cv-04972-DG-RLM**</u>

Dear Honorable Magistrate Judge Man:

  This law firm represents Plaintiff Oludare Oyenuga (the "Plaintiff") in the above-referenced matter.

  Pursuant to Your Honor's directives contained in the December 19, 2022 Order to Show Cause, this letter respectfully serves to provide the Court with a status update in the above-referenced action.

  At the outset, Plaintiff's counsel wishes to apologize to the Court for not complying with the Court's December 12, 2022 Status Report Order. As explained below, Plaintiff's counsel's failure to file a status report was neither willful nor deliberate. It is respectfully submitted that the Court should not impose sanctions, where, as here; (i) Plaintiff's counsel's noncompliance was substantially justified; and (ii) the circumstances make an award of expenses unjust.

  **I.** **Plaintiff's Counsel's Noncompliance was Substantially Justified**

  Plaintiff's counsel's noncompliance with the December 12, 2022 Status Report Order was the result of a personal medical emergency. On or around the week of December 12, 2022, Plaintiff's counsel's paralegal, Alexis Abrego, was attending to an unexpected family medical emergency. Ms. Abrego, who is primarily responsible for, *inter alia,* calendaring deadlines and appearances, was attending to an immediate family member that had been hospitalized. As a result of this medical emergency, the filing deadline contained in the December 12, 2022 Status Report Order was not inputted in Plaintiff's counsel's calendar.

  Plaintiff's counsel acknowledges the inconvenience caused to the Court, resulting from this error. Plaintiff's counsel also wishes to inform the Court that it has since reinforced its calendaring policies to avoid the reoccurrence of similar mistakes in the future.

  **II.** **The Circumstances Make an Award of Expenses Unjust**

  "The purpose of the sanctions is three-fold: (1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well." *Chun Lan Guan v. Long Island Bus. Inst., Inc.*, 2019 WL 3807455, at *2 (E.D.N.Y. 2019) (citation omitted).

The imposition of sanctions is not warranted where, as here, they would not serve a just purpose. Plaintiff's counsel did not benefit from not filing the instant status letter sooner. Nor would sanctions ensure compliance with the December 12, 2022 Status Report Order. Lastly, sanctions would not serve as a deterrent effect considering the nonappearance was the result of a medical emergency, not a willful nor deliberate act or omission.

### III.   Status Update

Out of an abundance of caution, the Court should be aware that the undersigned is in communications with Defendants. Should settlement discussions be unsuccessful, Plaintiff intends to proceed with the filing of clerk's certificates of default judgment, in the event of their continued failure to answer the Complaint.

### IV.   Conclusion

Plaintiff's counsel apologizes, again, to the Court and Defendants' counsel for the inconvenience. However, the totality of the circumstances does not justify an award of sanctions.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiff*

VIA ECF: All Counsel

2