## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

———————————

№ 22-CV-4972 (DG) (RER)

———————————

OYENUGA

versus

PRESIDENTIAL SECURITY SERVICES LLC, ET AL.

———————————

**REPORT & RECOMMENDATION**

September 25, 2023

———————————

**TO THE HONORABLE JUDGE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Oludare Oyenuga ("Plaintiff" or "Oyenuga") brought this action against Presidential Security Services LLC ("Presidential Security") and Ismail Qadar ("Qadar") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York State Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 and 650 *et seq.*, and the Wage Theft Prevention Act ("WTPA"), N.Y. Lab. Law § 195. (ECF No. 1 ("Compl.")).[1] Before the Court is Plaintiff's Motion for Default Judgment against Presidential Security only (ECF No. 17 ("Pl. Mot.")), which Your Honor has referred to me for a report and recommendation (Order dated 3/08/2023). After carefully reviewing the record, and for the reasons set forth herein, I

---

[1] Plaintiff's counsel submitted a consent form to become a party in a collective action that was signed by Janiya Preston ("Preston"), in addition to entering a notice of appearance on Preston's behalf. (ECF Nos. 8, 10–11). Although this case was commenced as a purported FLSA collective action under 29 U.S.C. § 216(b), a collective has yet to be conditionally certified. Accordingly, Preston is not a proper party to this action and this Report and Recommendation does not effect Preston's rights in any way.

1

respectfully recommend that Plaintiff's motion be denied without prejudice, and that Plaintiff be given twenty-one days to file an amended complaint that cures the pleading deficiencies noted herein.

## BACKGROUND

I. Factual Background

Presidential Security is a domestic limited liability company licensed to do business in New York State. (Compl. ¶¶ 10–11). According to the Complaint, Presidential Security "(i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00." (*Id.* ¶ 12).

Oyenuga was employed as "a security personnel" at Presidential Security from approximately April 2022, through July 2022. (*Id.* ¶¶ 6, 10). According to the Complaint, Plaintiff had a regular schedule working Sundays from 7 A.M. to 7 P.M. and Mondays through Thursdays from 7 A.M. to 3 P.M. – totaling forty-four hours per week. (*Id.* ¶ 34). From April through June 11, 2022, Plaintiff routinely received wages of $20 per hour. (*Id.* ¶ 35). However, Plaintiff claims that he never received overtime compensation of one-and-one-half times the regular rate for his overtime hours. (*Id.* ¶¶ 37–38). Moreover, for the rest of his employment, from June 12 through July 2022, Plaintiff alleges that he was never paid any wages, despite continuing to work the same hours. (*Id.* ¶ 36).

Throughout his employment, Plaintiff was not required to keep track of his time, and to his knowledge, Defendants did not use any time tracking systems either. (*Id.* ¶ 41). Plaintiff further claims that Defendants did not state the correct gross wages or deductions for any employee on

their pay statements, as required by the WTPA. (*Id.* ¶ 40). Finally, Plaintiff alleges that he never received notification of wages as required under the FLSA and WTPA, was not provided with a statement of wages as required by NYLL § 195(3), and did not have notice of his regular rate of pay and other information as required by NYLL § 195(1). (*Id.* ¶¶ 42–44).

II. <u>Procedural History</u>

On August 23, 2022, Plaintiff commenced this action. (Compl.) In December 2022, following a status report from Plaintiff, the Court ordered that in the event Defendants did not respond to the Complaint by January 31, 2023, Plaintiff must seek entry of default by that date. (Order dated 12/27/2022). On January 3, 2023, Plaintiff filed an Affirmation of Service, confirming service of the December 27, 2022 Order on Defendants. (ECF No. 13). Plaintiff requested a Certificate of Default for Presidential Security on January 31, 2023. (ECF No. 14 ("Req. Default")). The Clerk of the Court entered the default on February 10, 2023. (ECF No. 15 ("Entry of Default")). On March 6, 2023, Plaintiff filed an Affidavit of Non-Service, stating that service of the summons and complaint on Individual Defendant was not made. (ECF No. 16 ("Aff. Non-Service")). The following day, Plaintiff submitted this Motion for Default Judgement against both Defendants for unpaid overtime wages, liquidated damages, statutory damages under the WTPA, attorneys' fees and costs, and pre- and post- judgment interest on the unpaid wages. (Pl. Mot.).

## **DISCUSSION**

I. <u>Default Judgment Legal Standard</u>

Rule 55 of the Federal Rules of Civil Procedure mandates "a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the clerk must enter a party's default after receipt of an affidavit that shows that the "party against whom a

3

judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, the plaintiff must move for a default judgment. Fed. R. Civ. P. 55(b).

To evaluate a motion for default judgment, the court accepts as true all well-pleaded factual allegations, except those relating to damages. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The court must then determine whether the factual allegations establish the defendant's liability as a matter of law. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel*, 577 F.3d at 84). As such, plaintiffs "bear the burden of alleging *specific* facts" that are more than mere "labels and conclusions" or a "formulaic recitation of the elements" so that a court can adequately infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *adopted by* 2015 WL 5561180 (Sept. 21, 2015).

With respect to damages, a plaintiff must demonstrate "that the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158–59. Damages are limited to the amount and type demanded in the pleadings. *See* Fed. R. Civ. P. 54(c). Even so, a court may rely on "detailed affidavits or documentary evidence" to determine the amount of damages. *Fustok v. ContiCommodity Servs., Inc.* 873 F.2d 38, 40 (2d Cir. 1989). Moreover, in FLSA cases, when wage and hour records are inaccessible, "the plaintiff may rely on his recollection to approximate the wages owed." *Palaghita v. Alkor Cap. Corp.*, No. 19-CV-1504 (ARR) (RER), 2021 WL 4464121, at *5 (E.D.N.Y. Aug. 20, 2021) (citing *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 332–33, 335 (S.D.N.Y. 2005)), *adopted by* 2021 WL 4463483 (Sept. 29, 2021).

4

II.  Plaintiff Has Not Adequately Alleged That Presidential Security Is Subject to the FLSA

Plaintiff seeks default judgment on his FLSA and NYLL claims. (Compl. ¶ 1). To succeed on both claims, a plaintiff must demonstrate that 1) a non-exempt employer-employee relationship exists between the parties and 2) he was inadequately compensated for his work. *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848 (RRM) (RER), 2022 WL 4646866, at *4 (E.D.N.Y. Aug. 29, 2022) (citations omitted), *adopted by* 2022 WL 4662247 (Sept. 30, 2022); *see also Guardado v. 13 Wall Street, Inc.*, No. 15-CV-2482 (DRH) (SIL), 2016 WL 7480358, at *5 (E.D.N.Y. Dec. 2, 2016) ("if a court in this Circuit has already found liability under the FLSA, it will routinely impose liability for a violation of the NYLL."), *adopted by* 2016 WL 7480363 (Dec. 29, 2016).

Under the FLSA, an employer is defined as any person or entity "acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(a), (d). Employers are subject to the FLSA when their employees are (1) "engaged in commerce or in the production of goods for commerce" (i.e., individual coverage) or (2) employed in an "enterprise engaged in commerce or in the production of goods for commerce" whose "annual gross volume of sales made or business done is not less than $500,000" (i.e., enterprise coverage). 29 U.S.C. §§ 203(s)(1)(A), 206(a), 207(a)(1); *see also Santos v. Cancun and Cancun Corp.*, No. 21-CV-0192 (LDH) (RER), 2022 WL 1003812, at *4 (E.D.N.Y. Feb. 17, 2022) (citations omitted), *adopted by* (ECF Order dated 03/31/2022).

Plaintiff alleges enterprise coverage.[2] An employer qualifies for enterprise coverage under the FLSA when it (1) has "employees engaged in commerce or in the production of goods for

---

[2] Plaintiff does not allege individual coverage. Notwithstanding, the Court examined the allegations and concludes that individual coverage does not apply. "Employees are 'engaged in commerce' … when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103. Likewise, an employee is engaged in the production of goods for commerce when they are "employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any state." 29 U.S.C. § 203(j).

commerce, or [] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has "annual gross volume of sales" of $500,000 or more. 29 U.S.C. § 203(s)(1)(A).

Courts in this District "have inferred FLSA [enterprise] coverage from the nature of the employer's business, notwithstanding … pleading deficiencies." *Cardoza*, 2015 WL 5561033, at *4 (quotations omitted). Even this Court has previously found that enterprise coverage existed notwithstanding arguably conclusory allegations in the complaint. *See, e.g.*, *Ore v. H & C Cleaning Corp.*, No. 22-CV-20 (AMD) (RER), 2022 WL 19520879, at *8 (E.D.N.Y. Dec. 14, 2022) (enterprise coverage was established when the plaintiffs alleged that the defendant cleaning company handled cleaning materials that originated outside of New York), *adopted by* 2023 WL 2522814 (Mar 15. 2023); *Reyes-Fana v. Moca Grocery NY Corp.*, No. 21-CV-4493 (AMD) (RER), 2022 WL 5428688, at *5 (E.D.N.Y. Aug. 16, 2022) (the plaintiff's pleading that he "unpac[ked] and stoc[ked] goods for sale which originated outside of New York State" was sufficient to demonstrate that the defendant grocery store was engaged in interstate commerce), *adopted by* 2022 WL 4094241 (Sept. 7, 2022); *Cardoza*, 2015 WL 5561033, at *4 (finding FLSA applicability because it "is logical to infer that a supermarket's products and produce would have originated outside of New York"); *Santos*, 2022 WL 1003812, at *4 (establishing enterprise coverage due to the inference that "a Mexican restaurant [] handles a wide range of ingredients and supplies that traveled through interstate commerce."). In each of those cases, however, sufficient facts were alleged for the Court to infer enterprise coverage.

---

Nowhere in the Complaint, Memorandum of Law in Support Default Judgment, or other supporting documents are there allegations that Plaintiff was engaged in commerce or the production of goods for commerce. Plaintiff does not plead any facts indicating that his duties were related to the movement of people or things among the states, nor does he claim that his employ was connected to the production, manufacturing, mining, or transporting of goods. The only fact Plaintiff alleges in connection with his duties is that he was employed as security personnel. (Compl. ¶¶ 6, 32). Therefore, he has not demonstrated individual coverage under the FLSA.

6

Here, however, no such facts can be found. Plaintiff's claims do nothing more than parrot the FLSA's statutory language. (*See* Compl. ¶ 12). Specifically, Plaintiff asserts:

> At all times relevant to this Complaint, Defendant Presidential Security Services LLC (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

(Compl. ¶ 12). Moreover, Plaintiff only describes his work as "a security personnel." (*Id.* ¶¶ 6, 32). There are no additional facts related to his employment, such as the location(s) where his security services were retained or implements handled on the job. Absent specific facts, enterprise coverage cannot be inferred. *See, e.g.*, *Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI) (SBJ), 2021 WL 2343179, at *11 (E.D.N.Y. June 4, 2021) ("The allegations about enterprise coverage parrot the statute and are conclusory. There are no allegations about [the defendant] that tie its business to interstate commerce—either by describing what the employees do and tying that to interstate activity, or by describing what the employees produce and tying that to interstate activity. And where a plaintiff merely repeats the statutory language under FLSA and fails to provide sufficient facts for the Court to infer that a defendant is an enterprise 'engaged in interstate commerce,' the complaint does not meet the necessary pleading threshold to obtain a default judgment."), *adopted by* 2021 WL 4129151 (Aug. 10, 2021); *Kaplan v. Wings of Hope Residence, Inc.*, No. 18-CV-2972 (ADS) (AKT), 2018 WL 6437069, at *7 (E.D.N.Y. Dec. 7, 2018) ("While the complaint includes the Plaintiff's general job responsibilities … nothing indicates that any of these responsibilities had an interstate component."). Consequently, since Plaintiff merely provided a copy-paste of the statutory language, the Court does not know enough about the nature of Presidential Security to infer enterprise coverage.

This Court is not alone in finding it too attenuated to infer enterprise coverage based solely on the job description of "security personnel." *See, e.g.*, *Jones v. East Brooklyn Sec. Services Corp.*, No. 11-CV-1021 (JG) (SMG), 2012 WL 909830, at *2 (E.D.N.Y. Feb. 28, 2012) (when the security guard only alleged that he provided security services to sites around Brooklyn and repeated the FLSA's enterprise coverage language, the court could not establish liability under the FLSA), *adopted by* 2012 WL 909825 (Mar. 16, 2012); *Blue v. Finest Guard Services, Inc.*, No. 09-CV-133 (ARR) (CLP), 2010 WL 2927398, at *5–6 (E.D.N.Y. June 24, 2010) (finding that neither the employer nor employee qualified for FLSA coverage because there were no facts demonstrating that the security guards were engaged in commerce or in the protection of locations that were engaged in commerce), *adopted by* 2010 WL 2927403 (Jul. 19, 2010); *compare Jones v. East Brooklyn Sec. Services Corp.*, No. 11-CV-1021 (JG) (SMG), 2012 WL 3235784, at *4 (Aug. 7, 2012) (the plaintiff amended his complaint and alleged that the defendant used uniforms, radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that moved in interstate commerce, which was sufficient to establish enterprise coverage) *and Perry v. High Level Dev. Contracting and Sec. LLC*, No. 20-CV-2190 (AMD) (PK), 2022 WL 1018719, at *6 (E.D.N.Y. Mar. 16, 2022) (when a complaint stated that the defendant provided the plaintiff security guard with uniforms and radios during the performance of their duties, the court could infer that such items moved in interstate commerce, so enterprise coverage existed), *adopted by* 2022 WL 1017753 (Apr. 5, 2022) *and Chime v. Peak Sec. Plus, Inc.*, 127 F. Supp. 3d 183, 190–91 (E.D.N.Y. 2015) (same).

If Plaintiff had asserted that Presidential Security purchased or handled out-of-state supplies, then the pleading requirements would have been fulfilled. *See Kaplan*, 2018 WL 6437069, at *7. Unlike a grocery store or a restaurant, security services and a security person do not necessarily

8

have the requisite ties to interstate commerce. There is no guarantee that Presidential Security used supplies that were connected to interstate commerce or had employees engaged in such commerce. Therefore, Plaintiff has not adequately alleged that Presidential Security is an enterprise subject to the FLSA.

Plaintiff's insufficient pleading of enterprise coverage is a failure to demonstrate an essential element of his FLSA claims. *See Benitez v. F & V Car Wash, Inc.*, No. 11-CV-1857 (DLI) (SMG), 2012 WL 1414879, at *1 (E.D.N.Y. Apr. 24, 2012). ("[W]hether a defendant qualifies as an enterprise under the FLSA is … an element that a plaintiff must establish in order to prove liability."). Accordingly, I respectfully recommend that Plaintiff's motion for default judgment be denied, and that Plaintiff be permitted to file and serve an amended complaint alleging facts sufficient to impose FLSA enterprise coverage against Defendants.[3] *See, e.g.*, *Jones*, 2012 WL 909830, at *3.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's motion for default judgment be denied without prejudice.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Diane Gujarati within fourteen (14) days of receipt hereof. Failure to file

---

[3] In the event that Plaintiff does not amend his complaint or asserts that he cannot meet the interstate commerce requirement, I recommend declining to exercise supplemental jurisdiction over the NYLL claims. *See, e.g.*, *Lin*, 2021 WL 4129151, at *14 (declining to extend supplemental jurisdiction when the FLSA claims were dismissed because "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors … will point toward declining to exercise jurisdiction over the remaining state claims." (quoting *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)).

timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

Hon. Ramon E. Reyes, Jr.
Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2023.09.25 19:10:48 -04'00'

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: September 25, 2023
Brooklyn, NY