# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

November 27, 2023

*Via ECF*
The Hon. Joseph A. Marutollo, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza E,
Brooklyn, NY 11201

        Re:    *Oyenuga v. Presidential Security Services LLC et al*
                  **Case No.: 1:22-cv-04972-DG-JAM**

Dear Honorable Magistrate Judge Marutollo:

      This law firm represents Oludare Oyenuga (the "Plaintiff") in the above-referenced matter.

      Pursuant to Your Honor's Individual Motion Practice Rules, this letter respectfully serves to request an extension of time to request an enlargement of time to serve Individual Defendant Ismail Qadar pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 4(m), to, through and including December 28, 2023. This letter further respectfully serves requests leave to serve the Individual Defendant via alternative method, *to wit*: via their attorney-of-record, Ian Edward Smith, Esq., of Spire Law, LLC.

### A. Legal Standard for an Extension of Time to Complete Service

      Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

      *George v. Pro. Disposables Int'l, Inc*., 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

      Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id.* Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx. 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)).

### B. Legal Standard for Service via Alternative Means

Fed.R.Civ.P. 4(m) provides that service of process upon an individual located within a judicial district of the United States may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected." In New York, service may be effected upon a natural person by: (1) personal service; (2) delivering the summons to a person of suitable age and discretion at the individual's actual place of business, dwelling place or usual place of abode, and mailing it; (3) serving the individual's agent; or (4) affixing the summons to the individual's actual place of business, dwelling place, or usual place of abode, and mailing it. *See* New York State Civil Practice Law and Rules ("CPLR") §§ 308(1)-(4). In addition, service in New York may be made "in such manner as the court, upon motion without notice directs, if service is impracticable under paragraphs one, two, and four of this section." *Id.* § 308(5)

The meaning of "impracticable" depends upon the facts and circumstances of a particular case. *See Markoff v. South Nassau Community Hosp.,* 91 A.D.2d 1064, 1065 (2d Dept. 1983). Although CPLR § 308(5) does not require a showing of due diligence or of actual prior attempts to serve a party under the other provisions of the statute, *SEC v. HGI, Inc.,* 1999 WL 1021087, at *1 (S.D.N.Y. 1999), a plaintiff seeking to effect alternative service "must make some showing that the other prescribed methods of service could not be made." *Markoff,* 91 A.D.2d at 1065.

Courts have found a showing of impracticability, and have authorized alternative service, where a defendant could not be located by inquiring with the United States Postal Service or by searching computer databases. *See, e.g., HGI, Inc.,* 1999 WL 1021087, at *1 (finding proof of impracticability where, despite efforts to locate the defendant by these means, his whereabouts remained unknown).

### I. Good Cause Exists to Extend Plaintiff's Deadline to Serve the Individual Defendant

On or around March 5, 2023, Plaintiff's process servers attempted to serve the Individual Defendant at their registered business address, 275 Lenox Avenue Ground Floor New York, NY 10027. This attempt was unsuccessful.

On or around November 22, 2023, Plaintiff's process servers re-attempted to serve the Individual Defendant at this address. This attempt was also unsuccessful.

Although Defendants represent, on their website, that they maintain a place of business at the Lenox Ave. address, Plaintiff's process servers were informed that Defendants have not been conducting business at the listed address for nearly two (2) years.

Additional time is needed to finalize service pursuant to Fed.R.Civ.P. 4. The undersigned anticipates being in a position to finalize service on or before December 28, 2023.

The undersigned intends to proceed with the action once each Defendant has appeared, or alternatively, proceed with the filing of a motion for default judgment, in the event of Defendants' continued non-appearance.

**II.    Good Cause Exists to Permit Service to be Accomplished via Alternative Means**

Plaintiff has located the identity of the Individual Defendant's counsel of record, *to wit*: Spire Law, LLC. This law firm is representing the Individual Defendant, as well as the corporate defendant, International Trendz, LLC – in another wage-and-hour proceeding in this Court, captioned *Ugwudiobi et al v. International Trendz, LLC et al* (Case No.: 1:22-cv-04930-PKC-CLP).

For all of the foregoing reasons, it is respectfully submitted the Court permit Plaintiff to serve the Individual Defendant via his counsel of record Spire Law, LLC, pursuant to CPLR § 308(5).

**III.    Conclusion**

Out of an abundance of caution, it is respectfully requested that the Court extend Plaintiff's deadline to serve the Individual Defendant, through and including, December 28, 2023, and permit Plaintiff to serve the Individual Defendant via his counsel of record Spire Law, LLC.

We thank the Court for its attention to this matter and are available at the Court's convenience to answer any questions related to the foregoing.

Thank you, in advance, for your time and consideration.

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:    */s/ Jason Mizrahi*
       Jason Mizrahi
       60 East 42nd Street, Suite 4747
       New York, NY 10170
       Tel. No.:  (212) 792-0048
       Email: Jason@levinepstein.com
       *Attorneys for Plaintiff*
